IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Latonya A. Thompson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 0:09-cv-1913-TLW |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# ORDER

Before the Court is the plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. # 21). The plaintiff, Latonya A. Thompson ("plaintiff"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security Administration ("Commissioner" or "defendant"), denying her claims for Disability Insurance Benefits and Supplemental Security Income. (Doc. # 1). The case was assigned to United States Magistrate Judge Paige J. Gossett pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2), DSC. On October 6, 2010, the Magistrate Judge issued a Report and Recommendation ("Report") in which she recommended that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner. (Doc. # 16). On October 25, 2010, the Commissioner filed objections to the Report. (Doc. # 17). On March 15, 2011, this Court issued an Order accepting the Magistrate Judge's Report. (Doc. # 19).

On June 14, 2011, counsel for the plaintiff filed a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. # 21). The motion seeks reimbursement for counsel's representation in this matter in the amount of $6,774.29 for attorney's fees (38.15 hours at $177.57 per hour) and $350.00 for costs. (Doc. # 21). On July 1, 2011, the Commissioner filed a response in opposition to the plaintiff's motion. (Doc. # 23). In the response, the Commissioner does not object to the payment of costs but requests that the Court deny the petition for attorney's fees because the Commissioner's position in the case was substantially justified. (Doc. # 23).

Under the EAJA, "[a] party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not 'substantially justified' and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (citing Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991)). While the claimant has the burden of demonstrated that she is the prevailing party, the government has the burden of demonstrating that its position was substantially justified. Reich v. Walter W. King Plumbing & Heating Contractor, Inc., 98 F.3d 147, 150-51 (4th Cir. 1996) (citing Thompson, 980 F.2d at 281). To establish substantial justification, the defendant must show "that its position had a reasonable basis in both fact and law." Crawford, 935 F.2d at 656 (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "The Government's position is substantially justified if it is 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" Cody v. Caterisano, 631 F.3d 136, 141 (4th Cir. 2011) (quoting Pierce, 487 U.S. at 565). The Government need not "win to prove its position substantially justified; 'it can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and

2

fact.'" Id. (quoting Pierce, 487 U.S. at 566 n.2). "The government's position 'encompass[es] both the agency's prelitigation conduct and the [government]'s subsequent litigation position[ ].'" Crawford, 935 F.2d at 656-57 (first and third alterations in original) (quoting Comm'r, Immigration & Naturalization Serv. v. Jean, 496 U.S. 154, 159 (1990)); see also 28 U.S.C. § 2412(d)(2)(D).

In the Report and Recommendation accepted by this Court, the Magistrate Judge recommended this case be remanded because the Court, based on the record before it, could not determine that the decision of the Administrative Law Judge ("ALJ") to partially discount the opinion of a treating physician, Dr. Claben Barraca, was supported by substantial evidence and consistent with controlling law. In light of the recommendation in connection with Dr. Barraca, the Magistrate Judge also recommended remanding the case for further evaluation of the opinion of a second treating physician, Dr. Russell D. Hall. Additionally, the Magistrate Judge reasoned that the Court could not determine whether the ALJ's conclusions as to the remainder of the sequential process were supported by substantial evidence because the reconsideration of the treating physicians' opinions on remand might affect the ALJ's decision as to the subsequent steps of the sequential evaluation. While the reversal of an agency decision does not mean that the agency's position was without any basis at all, the Court finds that based on the record before it and the standards that apply, an award of attorney's fees is appropriate.

Therefore, after careful consideration of the applicable law and memoranda submitted by the parties, it is hereby **ORDERED** that the plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. # 21), is **GRANTED** in the amount of $6,774.29 in attorney's fees and $350.00 in costs.

    **IT IS SO ORDERED.**

                                                          s/Terry L. Wooten  
                                                         TERRY L. WOOTEN  
                                                         United States District Judge

January 18, 2012

Florence, South Carolina